IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

THE CALVARY BAPTIST CHURCH OF DENVER,

    Plaintiff,

v.

CHURCH MUTUAL INSURANCE COMPANY; and
CHURCH MUTUAL INSURANCE COMPANY, S.I.

    Defendants.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company, S.I., incorrectly sued here as "Church Mutual Insurance Company; and Church Mutual Insurance Company, S.I.," (hereinafter, "Church Mutual") hereby removes this action from the Denver County District Court, Colorado (state court case number 2021CV31601), to the United States District Court for the District of Colorado on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Church Mutual states as follows:

## BACKGROUND

1.    On May 20, 2021, Plaintiff The Calvary Baptist Church of Denver ("Plaintiff") filed its Complaint and Jury Demand ("Complaint") against Church Mutual in the Denver County District Court, Colorado ("State Court Action").

2. On May 24, 2021, Plaintiff served the Complaint on Church Mutual by service on the Commissioner of Insurance with the Colorado Department of Regulatory Agencies (Return of Services, attached hereto as **Exhibit A**.)

3. The Complaint's allegations pertain to the handling of Plaintiff's claim for insurance benefits under Church Mutual Policy Number 0035405-02-968733 ("Policy") related to alleged damage to the property located at 6500 E. Girard Avenue, Denver, Colorado 80224 ("Property"). (Compl. ¶¶ 9-10.)

4. Plaintiff submitted a claim for benefits under the Policy arising out of alleged damage sustained to the Property during a hail and wind storm on June 18, 2018. (Compl. ¶¶ 17-18, 21.)

5. The Complaint alleges that Church Mutual failed to pay all covered benefits owed under the Policy, and unreasonably delayed and denied the payment of covered benefits owed to Plaintiff, for the alleged damage to the Property. (*Id.* ¶¶ 137, 146.)

6. The Complaint alleges that Church Mutual's conduct constitutes a breach of contract, bad faith breach of insurance contract, and an unreasonable delay and denial of the claim under C.R.S. §10-3-1115. (*Id.* ¶¶ 139-152.) Plaintiff seeks relief under C.R.S. §10-3-1116 of "two times the covered benefit." (*Id.* ¶ 152.)

7. In addition to twice the covered benefit, Plaintiff seeks: a) compensatory damages; b) pre- and post-judgment interest expense; c) attorneys' fees and costs; and d) other relief that the Court deems "just and proper." (*Id.* ¶ WHEREFORE Clause.)

8. Church Mutual contends that it did not breach the insurance contract, did not act in bad faith, and did not violate C.R.S. §§ 10-3-1115 and 10-3-1116, and that Plaintiff is not entitled to any recovery from Church Mutual.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

1. This Notice of Removal is filed within thirty (30) days after service of the Complaint on Church Mutual, which occurred on May 24, 2021. (Return of Service, Ex. A.)

2. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

### II. DIVERSITY OF CITIZENSHIP EXISTS

3. There is complete diversity of citizenship among the opposing parties.

4. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such. *See id.*

5. Plaintiff is a nonprofit corporation organized under the laws of the State of Colorado. (Compl. ¶ 1; Colorado Secretary of State Summary, attached hereto as **Exhibit B**.)

6. Church Mutual Insurance Company, S.I., previously known as Church Mutual Insurance Company, is an insurance company organized under the laws of the State of Wisconsin with its principal place of business in Wisconsin. (Colorado Division of Insurance Company Consumer Inquiry, attached hereto as **Exhibit C**.)

7. Because the parties are citizens of different states and Church Mutual is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

8. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. Plaintiff alleges that Church Mutual has failed to pay covered policy benefits and unreasonably delayed and denied payment of insurance benefits. (Compl. ¶¶ 137, 146.)

10. In the Complaint, Plaintiff alleges that Church Mutual delayed or denied payment of benefits of up to $1,434,693.29. (*Id.* ¶¶ 91-92, 137.)

11. Should Plaintiff succeed in its claim under C.R.S. §§ 10-3-1115 and 1116, it seeks two times the covered benefit, attorneys' fees, and costs. (*Id.* ¶ 152.) *See American Family Mut. Ins. Co. v. Barriga,* 418 P.3d 1181 (Colo. 2018) (discussing the calculation of damages under § 10-3-1116). Applying the statute's multiplier to the amount of benefits alleged to have been delayed or denied in the Complaint, Plaintiff is seeking over $2.8 million under its statutory bad faith claim alone.

12. Plaintiff also seeks an award of attorneys' fees under C.R.S. § 10-3-1116. (*See* Compl. ¶ 152, WHEREFORE Clause.) "[W]hen a statute permits recovery of attorney's fees a

4

reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is unquestionable that substantial attorney fees will be incurred in this matter.

13. Further, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Civil Cover Sheet, submitted herewith.) Plaintiff's representation on its civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $100,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

14. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

15. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

16. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process,

pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

17. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is being provided along with this Notice of Removal.

## NO WAIVER

18. No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

19. For the reasons set forth above, Church Mutual removes this action to the United States District Court for the District of Colorado.

20. Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Church Mutual reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated:  June 23, 2021	Respectfully submitted,

*Below-signed counsel herby certifies that he is a member in good standing of the bar of this Court*

*s/ William M. Brophy*
Terence M. Ridley
Jeremy A. Moseley
William M. Brophy
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO  80203
Telephone:   303.839.3800
Facsimile:    303.839.3838
Email:   tridley@spencerfane.com
           jmoseley@spencerfane.com
           wbrophy@spencerfane.com

Attorneys for Named Defendants,
"Church Mutual Insurance Company and Church Mutual Insurance Company, S.I."

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on June 23, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was emailed to the following email addresses:

Jennifer A. Milne
David M. Roth
Roth Milne
950 South Cherry St., Suite 416
Denver, CO 80246
Email: jennifer@randmlaw.com
          david@randmlaw.com

*s/ William M. Brophy*
William M. Brophy
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO  80203
Telephone:   303.839.3800
Facsimile:    303.839.3838
Email: wbrophy@spencerfane.com

Attorney for Named Defendants,
"Church Mutual Insurance Company and
Church Mutual Insurance Company, S.I."